

**NUMBER 13-08-00723-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRANK GARCIA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 28th District Court of
Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

On December 2, 2008, appellant, Frank Garcia, entered an open plea of nolo contendere to the offense of robbery.[1]  The trial court found appellant guilty and sentenced him to five years' confinement.  The trial court certified appellant's right to appeal, and this

---

[1] *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003).

appeal followed.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*,[2] appellant's court-appointed appellate counsel has filed a brief with this Court stating that, after examining the record, he has found the appeal to be "wholly frivolous."  In his brief, counsel addresses four possible points of error:  (1) whether appellant's plea was voluntary; (2) whether the trial court properly admonished appellant; (3) whether the evidence is sufficient to support appellant's plea; and (4) whether appellant was lawfully sentenced; however, he concludes that each of these possible points of error lack merit.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal.[3]

In compliance with *High v. State*,[4] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has certified to this Court that he has forwarded a copy of the brief and his request to withdraw as counsel to appellant.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal, and (2) informed appellant period of time has passed, and appellant has not filed a pro se response.[5]

---

[2] 386 U.S. 738, 744 (1967).

[3] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[4] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

[5] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[6] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[7] Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[8] We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review. [9]

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

LINDA REYNA YAÑEZ,
Justice

---

[6] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[7] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[8] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).

[9] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.